## UNION CENT. LIFE INS. CO· v. DeRAN et.

### Ohio Appeals, 6th Dist., Sandusky Co.

### No. 198.   Decided Feb. 6, 1928.

**First Publication of this Opinion.**

### Syllabus by Editorial Staff.

**542. FORECLOSURE.—787. Mortgages—997. Real Estate.**

1. Where mortgage contains acceleration clause, and no such provision is contained in note secured thereby, such mortgage, in case default is made in complying with its terms, may be foreclosed for entire amount.

2. Where, under provisions of mortgage, mortgagee pays taxes and insurance, he is entitled to foreclose for these amounts as part of the lien, together with interest thereon.

### Appeal from Common Pleas.
### Findings approved.

Orvelle Raudabaugh, Toledo, for Insurance Co.

David B. Love and H. C. DeRan, Fremont, for DeRan, et.

### FULL TEXT.

BY THE COURT.

The action is brought for the purpose of foreclosing a mortgage upon certain real estate in this county. While the mortgage secures a large number of notes, most of which by their terms are not yet due, the plaintiff does not seek a judgment on the notes, but merely a foreclosure· The notes only provide for interest after their maturity and contain no acceleration clause. The mortgage itself contains an acceleration clause providing in substance that if the payments are not made as stipulated the whole amount shall, at the option of the holder of the notes, become immediately due and payable and that the mortgage could be foreclosed accordingly, with interest after maturity at the rate specified in the notes.

While some controversy has existed relating to the construction of a mortgage containing an acceleration clause, in case of default, when no such provision is contained in the notes secured by the mortgage, we think there can be no doubt in Ohio that such a mortgage in case default is made in complying with its terms, justifies the bringing of an action of foreclosure for the entire amount. McClelland v. Bishop, 42 Ohio St., 113. The authorities are collected in an elaborate note found in 34 A. L. R., 848, 857. . See also Clark v. Paddock, 46 L. R. A., N. S., 475.

Under the provisions of the mortgage the mortagee paid certain taxes and insurance and is entitled to foreclose for those amounts as a part of the lien, together with interest thereon.

We approve of the computation submitted with the plaintiff's brief, and with the amount of $10,770.27 found due by the Common Pleas Court. The computation may be continued to February 6, 1928, and a decree for plaintiff will be entered finding the amount due at that time, together with an order of foreclosure, with the rates of interest as found in the Common Pleas Court.

(Richards, Williams and Lloyd, JJ., concur.)